IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U.S. Magistrate Judge Gordon P. Gallagher

Criminal Case No. 12-po-00003-GPG

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH S. WAGNER

Defendant.

**ORDER REGARDING THE LEGALITY OF RESTITUTION**

**AND**

**ORDER FOR INCLUSION OF RESTITUTION INFORMATION IN THE PRE-SENTENCE REPORT**

This matter comes before the Court after a Court Trial was held and Defendant was convicted on all counts. Subsequent to that conviction and due to some unique complexities regarding restitution in this matter, the Court Ordered that the parties initially brief the matter with regard to restitution. Having received and reviewed said briefs, the Court Orders as follows:

1. Defendant's position is that the Court may not order Defendant to pay restitution in this circumstance. The Defendant is wrong with regard to this assertion. Defendant has not yet been sentenced in this matter. However, were Defendant to be sentenced to probation, the Court would certainly have the authority under 18 U.S.C. § 3563(b)(2) to order the payment of restitution as a discretionary condition of such probation. See *United States v. Frith*, 461 F.3d 914, 919 (7th Cir. 2006) for a good discussion of why

restitution which may not otherwise be allowed under 18 U.S.C. § 3663 and 3663A can be ordered as a condition of probation under 18 U.S.C. § 3563.

2.      Defendant specifically cites *United States v. Hussong*, 778 F.2d 567 (10th Cir. 1985) stating "In a case involving a finding of guilty under 16 U.S.C. § 551, like here, the 10th Circuit has confirmed that a Court cannot impose criminal restitution penalties for a conviction under title 16."  The Court, after reviewing *Hussong*, believes that *Hussong* in fact stands for the exact opposite proposition.  In *Hussong,* the Court allowed to stand the restitution order under Title 16 and specifically found that the magistrate had the authority to so order restitution.

3.      In the present instance, the United States is the aggrieved victim.  The government can be a victim under the MVRA.  *United States v. Butler*, 694 F. 3d 1177, 1184 (10th Cir. 2012) (citations omitted).

Therefore, the Court Orders that should Defendant be sentenced to probation in this matter, the Court has the authority to Order payment of restitution as a condition of such a probation sentence.  The Court is making no determination at this time as to the type or nature of what sentence Defendant will receive as it would be premature to enter such an Order.

Consistent with the above Order, the Probation Department is Ordered to include information sufficient for the Court to exercise its discretion in fashioning a restitution order consistent with 18 U.S.C. § 3664.  The Probation Department may consider, to the extent necessary, any calculations and the dispute to any such calculations as set forth in Documents 39, 40 and 41 of this action.  The Probation Department is to ignore any arguments as to the legality of a restitution order in general that may have been made in Documents 39, 40 and 41 as the Court has already issued an Order on that matter.

The parties are further Ordered to contact the Court's clerk within 48 hours of receiving this Order to set a 2 hour sentencing/ restitution hearing approximately 75 days from now.

    Dated February ___6th__, 2013.

                                        BY THE COURT:

                                        s/ Gordon P. Gallagher
                                        _____
                                        Gordon P. Gallagher
                                        U.S. Magistrate Judge